Case 2:20-cv-00034-RHK-CMP Doc 48-1 Filed 06/24/20 Entered 06/24/20 14:56:33 Desc
Case 1:20-cv-00661-CMP-JFA Document 1-2 Filed 06/11/20 Page 1 of 31 PageID# 1
Exhibit(s) A Page 1 of 31

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

John C. Kiriakou,

        Plaintiff,                         Case No.

John Bamford in his individual capacity,
Heather Kiriakou,
and Northrop Grumman Corporation,

        Defendants.

---

## COMPLAINT

Comes now Plaintiff, John C. Kiriakou, through his undersigned attorneys, and hereby files this Complaint against Defendants John Bamford solely in his individual capacity, Heather Kiriakou, and Northrop Grumman Corporation (Northrop Grumman) for violation of constitutional rights under color of state law, malicious prosecution, defamation, and intentional infliction of emotional distress and seeking compensatory and punitive damages. Plaintiff alleges as follows:

### SUBJECT MATTER JURISDICTION

1. This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. 1331 and 28 U.S.C. 1367. Plaintiff's federal claim arises under 42 U.S.C. 1983. Plaintiff's state law claims are so related to the federal claim that they form part of the same case or controversy under Article III of the United States Constitution.

### PERSONAL JURISDICTION

**EXHIBIT A**

Case 2:20-cv-00062-CMP Document 2-1 Filed 06/24/20 Entered 06/24/20 14:56:33 Desc
Case 1:20-cv-00662-CMP-JFA Document 1-1 Filed 06/11/20 Page 2 of 31 PageID# 2
Exhibit(s) A    Page 2 of 31

2. This Court possesses personal jurisdiction over Defendants because Defendants John Bamford and Heather Kiriakou are residents and citizens of Virginia, Northrop Grumman's principal place of business is Virginia, and the wrongful acts of Defendants that gave rise to Plaintiff's claims occurred and inflicted damage to Plaintiff in Virginia.

## VENUE

3. Venue is proper in this District under 28 U.S.C. 1391 (b) (1) and (2) because Defendants are residents of the District and a substantial portion of the acts or omissions that gave rise to Plaintiff's claims occurred in the District.

## PARTIES

4. Plaintiff John C. Kiriakou is a resident of Virginia. Among other things, Mr. Kiriakou served as a senior counterterrorism officer at the Central Intelligence Agency 1990-2004. He was a first responder in the aftermath of 9/11 in leading the capture of Abu Zubaydah in Pakistan in 2002. He served as senior investigator on the Senate Foreign Relations Committee from 2009-2011. Mr. Kiriakou has authored four books: *The Reluctant Spy* (2010); *Doing Time Like A Spy* (2016); *The Convenient Terrorist* (2016); and, *The CIA Insiders Guide to the Iran Crisis* (2019). Mr. Kiriakou's first book soared to No. 5 on the *Washington Post* Best Sellers list, and his second won the PEN First Amendment Award and the Forward Review Memoir of the Year. Mr. Kiriakou is a stockholder of Defendant Northrop Grumman.

5. Defendant John Bamford is a resident of Virginia and is sued in his individual capacity alone. At all times relevant to this Complaint, Mr. Bamford was a detective for the Arlington County Police Department.

6.  Defendant Heather Kiriakou is a resident of Virginia. She is a Director at Northrop Grumman Corporation.  Ms. Kiriakou is a former CIA officer, 1997-2012.

7.  Northrop Grumman Corporation is an American global aerospace and defense technology company with 90,000 employees. It is headquartered in Falls Church, VA. Northrop Grumman has a history of retaliating against whistleblowers. It paid $325 million in 2009 to settle a whistleblower lawsuit related to faulty electronic components sold to the government for military and intelligence gathering satellites.  Press Release, April 2, 2009, https://www.phillipsandcohen.com/scientist-blue-whistle-faulty-military-satellite-parts-Northrop-grumman-pays-325-million-settle-case/

## STATEMENT OF FACTS

8.  On or about July 2019, Defendant Heather Kiriakou, in collaboration with Northrop Grumman, called Defendant John Bamford at the Arlington County Police. Ms. Kiriakou and Northrop Grumman knowingly, falsely, and maliciously accused Plaintiff of sending nude photos of Ms. Kiriakou to Northrop Grumman in criminal violation of Virginia Code 18.2-386.2, a crime of moral turpitude.

9.  Defendants' knowing, intentional, malicious falsity in charging Plaintiff with a crime of moral turpitude was untruthful in at least two respects.

10. First, the photos did not depict Ms. Kiriakou in a state of total nudity, nor in a state of undress so as to expose her genitals, pubic area, buttocks or female breast.

11. Second, Plaintiff did not disseminate the photos (which Defendant Heather Kiriakou had taken of herself and sent to her partner in adultery) with the intent to coerce, harass, or intimidate.  Neither did he disseminate the photos with malice.

12. Defendant Heather Kiriakou's motivation for her knowing, intentional, false, and malicious accusation was to secure a litigating advantage in a pending child custody dispute with Plaintiff; to diminish her sense of guilt over her adultery; and, to retaliate against Plaintiff for exposing her adulterous affair in the course of whistleblowing on Defendant's business travel fraud via Northrop Grumman's ethics hot line, about which more anon.

13. Defendant Heather Kiriakou's and Defendant Northrop Grumman's knowing, false, and malicious accusation that Plaintiff had violated Virginia Code 18.2-386.2 constituted the crime of false reporting in violation of Virginia Code 18.2-461.

14. Defendant Heather Kiriakou and Defendant Northrop Grumman accused Plaintiff of the crime, popularly known as "revenge porn," with actual malice, i.e., with knowledge of the falsity of the accusation or with reckless disregard of whether it was true or false.

15. Defendant Heather Kiriakou and Defendant Northrop Grumman also accused Plaintiff of criminal violations of Virginia Code 18.2-386.2 motivated by ill-will, spite, hatred, and revenge.

16. Defendants Heather Kiriakou's and Northrop Grumman's knowing and false accusation that Plaintiff was guilty of "revenge porn" in violation of Virginia Code 18.2-386.2 was outrageous or intolerable beyond all norms of civilized decency.

17. Defendant Heather Kiriakou's and Northrop Grumman's outrageous or intolerable knowingly false accusation that Plaintiff was guilty of "revenge porn" under Virginia law proximately caused Plaintiff severe emotional distress, including, among other things, loss of contact with Plaintiff's three children aged 15, 13, and 8, acute

depression requiring Plaintiff to receive psychiatric care, and alienation from friends or professional colleagues.

18. Plaintiff's actions that provoked Defendant Heather Kiriakou's and Northrop Grumman's knowingly and maliciously false accusations were innocent.

19. On or about July 2018, Plaintiff contacted Northrop Grumman's ethics hotline and spoke to an ethics officer. Plaintiff is a shareholder of Defendant Northrop Grumman. Plaintiff explained that he possessed documents proving that Defendant Heather Kiriakou and a high-level Northrop Grumman executive had been fraudulently billing Northrop Grumman for personal travel to perpetrate adultery costing tens of thousands of dollars as business travel.

20. Plaintiff asked the Northrop Grumman ethics officer for guidance as to how to proceed.

21. The ethics officer instructed Plaintiff to transmit his documents to her or to send them directly to Northrop Grumman's officers and directors. Plaintiff did both.

22. Plaintiff's documents included two emails sent by Defendant Heather Kiriakou to her Northrop Grumman partner in adultery. Defendant Kiriakou knowingly and voluntary embedded in the two emails photos of herself wearing a beach thong, which left little to the imagination regarding her buttocks. Defendant had taken the photos, not Plaintiff. The photos were relevant to proving Defendant Heather Kiriakou was fraudulently billing Northrop Grumman for personal travel.

23. In the manner of Benedict Arnold, Defendant Northrup Grumman betrayed Plaintiff. Instead of professionally investigating the credible evidence of business travel fraud against Defendant Heather Kiriakou, Northrup Grumman circled the wagons.

24. Defendant Northrup Grumman shared Plaintiff's documents with Defendant Heather Kiriakou, and then retaliated against Plaintiff for his well-documented ethics complaint by conspiring with Defendant Heather Kiriakou to knowingly, falsely, and maliciously accuse Plaintiff of "revenge porn" in violation of Virginia Code 18.2-386.2 to Arlington County Police detective Defendant John Bamford.

25. Defendant Northrup Grumman's retaliation against Plaintiff mocked its self-touted "Standards of Business Conduct." Page 10 proclaims, among other things, "— "Each of us has the opportunity to openly and honestly communicate about actual or potential misconduct without fear of retaliation. When our people share or report genuine concerns and issues in good faith, our company does not tolerate any adverse action taken against them for speaking up. Making a report "in good faith" means you promptly come forward with the relevant information you have and believe you are giving a complete and accurate report. Anyone found to have taken part in retaliatory acts against someone who has reported genuine concerns in good faith faces serious disciplinary consequences, up to and including termination."

26. Defendant Northrup Grumman's retaliation against Plaintiff's whistleblowing also flouted the U.S. Department of Justice Criminal Division's Evaluation of Corporate Compliance Programs. Among other things, page 6 states: "Confidential reporting mechanisms are highly probative of whether a company has 'established corporate governance mechanisms that can effectively detect and prevent misconduct.' JM 9-28.800; see also U.S.S.G. section 882.1 (b) (5) (C) (an effectively working compliance program will have in place and have publicized, 'a system which may include mechanisms that allow for anonymity or confidentiality, whereby the

organization's employees and agents may report or seek guidance regarding potential or actual criminal conduct without fear of retaliation.).'"

27. Defendant Northrop Grumman never indicated to Plaintiff that any document included in his ethics complaint submission was improper or irrelevant.

28. On information and belief, Defendant Bamford, in response to the complaint of Defendants Heather Kiriakou and Northrop Grumman, visited Heather Kiriakou at her home and uttered words to the following effect, "I hate it when I see women treated this way.  I'll take care of it."

29. On August 9, 2019, Plaintiff was arrested by Defendant Bamford and charged with two counts of illegal dissemination of photographs under Virginia Code 18.2-386.2. The case was docketed as *Commonwealth of Virginia v. John Kiriakou*, Arlington County, No. 2019-07100120. The entire evidentiary case against Plaintiff were the two photos of Defendant Heather Kiriakou dressed in a beach thong substantially exposing her buttocks.  She had taken the photos and embedded them in emails to her Northrop Grumman lover.  Plaintiff had sent the photos to Northrop Grumman per the instructions of its ethics officer. Plaintiff's dissemination was in his capacity as a whistleblower on internal Northrop Grumman business travel fraud perpetrated by Defendant Kiriakou and her lover. Plaintiff did not act to coerce, harass, or intimidate Defendant Heather Kiriakou.  Plaintiff did everything by the book.

30. On October 11, 2019, acting with the willful participation and jointly with Defendant Heather Kiriakou, Defendant Bamford obtained search warrants for Plaintiff's person, vehicles, and home to investigate an alleged violation of Virginia Code 18.2-386.2. Defendant Bamford knew the search warrants violated the Fourth Amendment and

Virginia Code sections 19.2-54 and 19.2-56 because they were not supported by an affidavit setting forth facts that might justify the constitutional requirements of probable cause and particularity in investigating alleged violations of Virginia Code 18.2-386.2

31. Defendant Bamford's Affidavit relied solely on the unsworn statements of Defendant Heather Kiriakou.  Defendant Bamford did not vouch for her veracity.  Defendant Bamford had reason to suspect Defendant Heather Kiriakou might economize on the truth about Plaintiff. She told him they were going through a divorce. Defendant Bamford made no effort to corroborate Defendant Heather Kiriakou's factually suspect allegations about Plaintiff.  It is common knowledge that spouses to a divorce routinely concoct allegations to stigmatize or demean the other.

32.  In paragraph 2 of Defendant Bamford's Affidavit, Defendant Heather Kiriakou falsely accuses Plaintiff of theft of her personal Apple laptop computer and of her Northrop Grumman laptop.

33. On the night of June 30, 2018, Plaintiff found the Defendant's personal laptop in the back of Defendant's car parked in his home driveway.  The personal laptop was next to Defendant's Northrop Grumman laptop, which Plaintiff never touched. Defendant's personal laptop was powered on and was not password protected. Plaintiff opened it to email, which was not password protected, with his own Wi-Fi and on his own property. Plaintiff discovered more than 100 emails proving that Defendant Heather Kiriakou was having an affair with a high-level Northrop Grumman executive.  Plaintiff forwarded the emails to himself and left Defendant Heather Kiriakou's laptop where he found it.  The laptop never left Defendant

Heather Kiriakou's car.  Plaintiff encountered difficulties in printing the emails. He

forwarded them to the generic FEDEX email address for printing.  On July 1, 2018,

Defendant Heather Kiriakou accused Plaintiff of stealing both laptops.  Plaintiff

denied the accusations, and suggested she call the Arlington County police.  A

uniformed Arlington police officer came to Plaintiff's house and asked whether he

had stolen the laptops.  Plaintiff denied the accusation, and the matter was dropped.

34. At the time Defendant Bamford's Affidavit was prepared on October 11, 2019,

Defendant knew or was willfully blind to the fact that the Arlington County police

had already determined that Plaintiff had not stolen Defendant Heather Kiriakou's

laptops and thus knew or should have known Defendant Heather Kiriakou was lying

in accusing Defendant of theft of her laptops and was thus unreliable.

35. Paragraph 14 of Defendant Bamford's Affidavit is false and misleading by omission.

It fails to state that Plaintiff mailed and emailed the referenced documents to

Defendant Northrop Grumman precisely as directed by Northrop Grumman's ethics

officer.  The paragraph further omits that the documents were submitted in Plaintiff's

capacity of a whistleblower alerting Northrop Grumman to Defendant Heather

Kiriakou's fraudulently billing tens of thousands of dollars of personal travel as

business travel.

36. Paragraphs 34-36 of Defendant Bamford's Affidavit falsely accuse Plaintiff of

accessing Defendant Heather Kiriakou's Facebook account.  Plaintiff never had

access to the account.  Contrary to paragraph 36, Plaintiff never told babysitter Thea

Rokohl that he had access to Defendant Heather Kiriakou's Facebook Page. And Ms.

Rokohl never stated to Defendant Heather Kiriakou that he had.  Defendant Bamford

Case 20-10934-KHK Doc 48-1 Filed 06/24/20 Entered 06/24/20 14:56:33 Desc
Case 1:20-cv-80062-CMH-TCB Document 1-4 Filed 05/12/20 Page 10 of 31 PageID# 10
Exhibit(s) A    Page 10 of 31

never asked Ms. Rokohl or Plaintiff about the matter, which would have proven Defendant Heather Kiriakou's false accusation and incorrigible mendacity.

37. The facts asserted in paragraph 37 of Defendant Bamford's Affidavit are false or misleading. The truth is as follows.

38. In December 2018, Plaintiff was returning from an overseas business trip. Upon landing, Plaintiff turned on his phone and saw multiple text messages from his then 12-year-old daughter. There were multiple photos of a strap-on dildo, a male vibrator known as a "cock ring," other sex toys, and lingerie. Plaintiff's daughter captioned the strap-on photo with the message, "Daddy, what is this?" Plaintiff asked her where she found these things, and she responded, "On the floor in mom's room." Plaintiff asked her to photograph them and send them for forwarding to his divorce attorney, which was done. Plaintiff's daughter set up a shared photo/email folder, where she placed the photos. Defendant Heather Kiriakou found out about the matter six months later and deleted the folder.

39. Plaintiff did not illegally access Defendant Heather Kiriakou's MarcoPolo account. Plaintiff gave his youngest son an iPad for Christmas 2018. He asked Plaintiff if he could download the Marco Polo app. Plaintiff said that he could. In the meantime, Defendant Heather Kiriakou also downloaded Marco Polo and probably logged in with their son's user id and password. Every time she recorded a Marco Polo video, it appeared on Plaintiff's son's iPad and on Plaintiff's phone, where he monitored his son's Marco Polo account.

Case 20-10994-KHK Doc 48-1 Filed 06/24/20 Entered 06/24/20 14:56:33 Desc
Case 1:20-cv-00662-CMH-JFA Document 9-1 Filed 06/12/20 Page 11 of 31 PageID# 11
Exhibit(s) A   Page 11 of 31

40. Paragraphs 14-40 of Defendant Bamford's Affidavit purport to satisfy the probable cause threshold constitutionally necessary to justify a search warrant. But the paragraphs don't get off home base.

41. The crime under investigation, Virginia Code 18.2-386.2, has three elements.

42. First, the motive for the prohibited video or photo dissemination or sale must be "to coerce, harass, or intimidate...."

43. Second, the dissemination or sale must be done "maliciously."

44. Third, the photo or video must depict another person in total nudity "or in a state of undress so as to expose the genitals, pubic area, buttocks, or female breast...."

45. Not a single word in paragraphs 14-40 of Defendant Bamford's Affidavit evidences an intent by Plaintiff in the dissemination of the referenced photos to himself and to Northrop Grumman to "coerce, harass, or intimidate" Defendant Heather Kiriakou or evidences Plaintiff's malice in the dissemination. The Affidavit discloses only two recipients of the photos: Plaintiff, and Defendant Northrop Grumman. And the Affidavit is silent, i.e., fact-free, as to whether Plaintiff sent the photos with a prohibited motive. Plaintiff's motives were innocent. The photos were relevant to Plaintiff's ethics complaint to Defendant Northrop Grumman proving that Defendant Heather Kiriakou was defrauding Northrop Grumman of tens of thousands of dollars by misrepresenting personal travel as business travel. The photos to himself proving Defendant Heather Kiriakou's adultery were also relevant to Plaintiff's outstanding divorce-child custody litigation with Defendant Heather Kiriakou.

46. There was also no evidence in Defendant Bamford's Affidavit that the photos depicted Defendant Heather Kiriakou as "totally nude, or in a state of undress so as to

Case 20-10994-KHK Doc 48-1 Filed 06/24/20 Entered 06/24/20 14:56:33 Desc
Case 1:20-cv-00062-CMH-JFA Document 9 Filed 05/12/20 Page 12 of 31 PageID# 12
Exhibit(s) A    Page 12 of 31

expose [her] genitals, pubic area, buttocks, or female breast," as required by Virginia Code 18.2-386.2. Paragraph 18 of the Affidavit asserts some of the photos exposed the "buttocks" of Defendant Heather Kiriakou not in a state of undress but wearing undergarments of a particular style, which is not prohibited under Virginia Code 18.2-386.2. The Bamford Affidavit provided no cause to believe Plaintiff had violated the statute.

47. Defendant Bamford knew of the fatal deficiency in the Affidavit under the Fourth Amendment or was willfully blind to it.

48. In conspiracy and with the willful participation of Defendant Heather Kiriakou, Defendant Bamford executed the known constitutionally deficient search warrants on or about October 15, 2019. Defendant Bamford unconstitutionally detained and searched the person of Plaintiff with an army of two dozen Arlington County Police and FBI officers nearby. Defendant Bamford predictably discovered or seized no relevant evidence.

49. On or about October 15, 2019, Defendant Bamford unconstitutionally searched Plaintiff's two vehicles and predictably discovered or seized no relevant evidence. One of the vehicles, a 2016 Vespa LXV scooter, was impounded in a police lot in Arlington for three weeks before it was released after Plaintiff had made multiple requests.

50. On or about October 15, 2019, Defendant Bamford unconstitutionally searched Plaintiff's home for 7.5 hours and seized and inventoried fifteen items, including all of Plaintiff's electronics. An inventory of the seized items was ostensibly prepared by

Defendant Bamford in violation of Virginia Code 19.2-57 by failing to subscribe and swear to it.

51. On or about March 16, 2020, the Arlington-Falls Church Commonwealth Attorney dismissed the two counts against Plaintiff alleging violations of 18.2-386.2.

52. Defendants Heather Kiriakou, John Bamford, and Northrop Grumman instigated the Arlington County prosecution of Plaintiff under Virginia Code 18.2-386.2 motivated by malice, ill-will, and spite.

50. The prosecution was instituted by and with the cooperation of Defendants Heather Kiriakou and Northrop Grumman.

51. The prosecution was instituted without probable cause to believe Plaintiff had violated Virginia Code 18.2-386.2.  There was not a scintilla of evidence that Plaintiff's distribution of the two emails to himself or Northrop Grumman per the instructions of its hotline ethics officer had been distributed by Plaintiff with the intent to coerce, harass, or intimidate Defendant Kiriakou or had been done maliciously.  Indeed, the dissemination by Plaintiff was motivated by a whistleblower purpose to prove internal Northrop Grumman business travel fraud by Defendant Heather Kiriakou,  and which dissemination followed the instruction of Northrop Grumman's hotline ethics officer; and, for legitimate use in Plaintiff's divorce-child custody litigation against Defendant Heather Kiriakou by proving her adulterous affair.

52. The prosecution of Plaintiff for two counts under Virginia Code 18.2-386.2 terminated with dismissals of both counts on March 16, 2020.

53. On about October 19, 2019, Defendant Heather Kiriakou knowingly, falsely, and maliciously accused Plaintiff to Defendant John Bamford of dispatching a "gunman" to

Case 1:20-cv-90662-CMH-JFA Document 9 Filed 06/12/20 Page 14 of 31 PageID# 14
Case 20-10994-KHK Doc 48-1 Filed 06/24/20 Entered 06/24/20 14:56:33 Desc
Exhibit(s) A    Page 14 of 31

visit her home and "brandish" a gun and threaten to "come back and finish the job" if she failed to drop her revenge porn charges against Plaintiff.

54. Defendant Heather Kiriakou communicated the knowingly false, malicious, and defamatory accusation against Plaintiff of a crime of moral turpitude to Defendant John Bamford.

55. Defendant Heather Kiriakou's knowing, false, and malicious allegations in paragraph 53, supra, accused Plaintiff of the crime of criminal solicitation in violation of Virginia Code 18.2-29.

56. Defendant Heather Kiriakou's knowing, false, and malicious accusation that Plaintiff was guilty of criminal solicitation in violation of Virginia Code 18.2-29 constituted criminal false reporting in violation of Virginia Code 18.2-461.

57. Defendant Heather Kiriakou's intentional, false, and malicious accusation that Plaintiff was guilty of criminal solicitation in violation of Virginia Code 18.2-29 was outrageous or intolerable.

58. Defendant Heather Kiriakou's intentional, false, and malicious accusation that Plaintiff was guilty of criminal solicitation in violation of Virginia Code 18.2-29 proximately caused extreme emotional distress to Plaintiff, including, among other things, protracted trauma and acute depression requiring treatment by a psychiatrist.

59. Defendant Heather Kiriakou, on or about October 17, 2019, two days before she made her intentionally false and defamatory accusation to Defendant Bamford that Plaintiff was guilty of criminal solicitation in violation of Virginia Code 18.2-29, told Plaintiff's three children that Plaintiff was going to prison for the rest of his life.

Case 20-10994-KHK Doc 48-1 Filed 06/24/20 Entered 06/24/20 14:56:33 Desc
Case 1:20-cv-00662-CMH-JFA Document 9 Filed 06/12/20 Page 15 of 31 PageID# 15
Exhibit(s) A    Page 15 of 31

60. Plaintiff's children were terrified. The youngest, age 8, broke into tears. The two older children, ages 15 and 13, were petrified at the thought of losing their father forever.

## COUNT I-VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983

61. Plaintiff realleges paragraphs 1-60 herein.

62. Defendant Detective John Bamford violated 42 U.S.C. 1983 in depriving Plaintiff of his clearly established constitutional right against unreasonable searches and seizures under color of state law contrary to the Fourth Amendment of which a reasonable person would have known by searching Plaintiff's person on or about October 15, 2019, pursuant to a facially and flagrantly unconstitutional warrant which he knew or should have known did not show probable cause to believe Plaintiff possessed evidence of a violation of Virginia Code 18.2-386 as mandated by the Fourth Amendment. Indeed, the warrant Affidavit provided no foundation whatsoever to believe Plaintiff possessed evidence of a violation of Virginia Code 18.2-386.

63. Defendant Bamford's unconstitutional conduct in violation of 42 U.S.C. 1983 proximately caused compensatory damages to Plaintiff in an amount to be proven at trial, including but not limited to psychological trauma, anxiety, stress, invasion of privacy, alienation from his children and professional colleagues, or otherwise.

64. Defendant Bamford's unconstitutional conduct in violation of 42 U.S.C. 1983 was motivated by spite, ill-will, hatred, and vengeance and was intentional, reckless, or callously indifferent to Plaintiff's Fourth Amendment rights entitling Plaintiff to punitive damages in an amount to be determined at trial.

## COUNT II-VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983

Case 20-10934-KHK Doc 48-1 Filed 06/24/20 Entered 06/24/20 14:56:33 Desc
Case 1:20-cv-00662-CMH-JFA Document 9 Filed 05/12/20 Page 16 of 31 PageID# 16
Exhibit(s) A    Page 16 of 31

65. Plaintiff realleges paragraphs 1-64 anew.

66. Defendant Detective John Bamford violated 42 U.S.C. 1983 in depriving Plaintiff of his clearly established constitutional right against unreasonable searches and seizures under color of state law contrary to the Fourth Amendment of which a reasonable person would have known by searching Plaintiff's vehicles on or about October 15, 2019, pursuant to a facially and flagrantly unconstitutional warrant which he knew or should have known did not show probable cause to believe Plaintiff's vehicles contained evidence of a violation of Virginia Code 18.2-386 as mandated by the Fourth Amendment. Indeed, the warrant Affidavit provided no foundation whatsoever to believe Plaintiff's vehicles contained evidence of a violation of Virginia Code 18.2-386.

67. Defendant Bamford's unconstitutional conduct in violation of 42 U.S.C. 1983 proximately caused compensatory damages to Plaintiff in an amount to be proven at trial, including but not limited to psychological trauma, anxiety, stress, invasion of privacy, alienation of children and professional colleagues, or otherwise.

68. Defendant Bamford's unconstitutional conduct in violation of 42 U.S.C. 1983 was motivated by spite, ill-will, hatred, and vengeance and was intentional, reckless, or callously indifferent to Plaintiff's Fourth Amendment rights entitling Plaintiff to punitive damages in an amount to be determined at trial.

## COUNT III-VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983

69. Plaintiff realleges paragraphs 1-68 anew.

70. Defendant Detective John Bamford violated 42 U.S.C. 1983 in depriving Plaintiff of his clearly established constitutional right against unreasonable searches and seizures

Case 20-10994-KHK   Doc 48-1   Filed 06/24/20   Entered 06/24/20 14:56:33   Desc
Case 1:20-cv-00662-CMH-JFA   Document 1   Filed 06/12/20   Page 17 of 31   PageID# 17
Exhibit(s) A   Page 17 of 31

under color of state law contrary to the Fourth Amendment of which a reasonable person

would have known by searching Plaintiff's home on or about October 15, 2019, pursuant

to a facially and flagrantly unconstitutional warrant which he knew or should have known

did not show probable cause to believe Plaintiff's home contained evidence of a violation

of Virginia Code 18.2-386 as mandated by the Fourth Amendment.  Indeed, the warrant

Affidavit provided no foundation whatsoever to believe Plaintiff's home contained

evidence of a violation of Virginia Code 18.2-386.

71.  Defendant Bamford's unconstitutional conduct in violation of 42 U.S.C. 1983

proximately caused compensatory damages to Plaintiff in an amount to be proven at trial,

including but not limited to psychological trauma, anxiety, stress, invasion of privacy,

alienation of children and colleagues, or otherwise.

72.  Defendant Bamford's unconstitutional conduct in violation of 42 U.S.C. 1983 was

motivated by spite, ill-will, hatred, and vengeance and was intentional, reckless, or

callously indifferent to Plaintiff's Fourth Amendment rights entitling Plaintiff to punitive

damages in an amount to be determined at trial.

## COUNT IV-VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983

73.  Plaintiff realleges paragraphs 1-72 anew.

74.  Defendant Heather Kiriakou violated 42 U.S.C. 1983 in depriving Plaintiff of his

clearly established constitutional right against unreasonable searches and seizures under

color of state law contrary to the Fourth Amendment of which a reasonable person would

have known by willful or joint participation in Defendant Bamford's search of Plaintiff's

home on or about October 15, 2019, pursuant to a facially and flagrantly unconstitutional

Case 20-10994-KHK Doc 48-1 Filed 06/24/20 Entered 06/24/20 14:56:33 Desc
Case 1:20-cv-00662-CMH-JFA Document 1 Filed 05/12/20 Page 18 of 31 PageID# 18
Exhibit(s) A   Page 18 of 31

warrant which she knew or should have known did not show probable cause to believe
Plaintiff's home contained evidence of a violation of Virginia Code 18.2-386 as
mandated by the Fourth Amendment.  Indeed, the warrant Affidavit provided no
foundation whatsoever to believe Plaintiff's home contained evidence of a violation of
Virginia Code 18.2-386.

75.  Defendant Heather Kiriakou's unconstitutional conduct in violation of 42 U.S.C.
1983 proximately caused compensatory damages to Plaintiff in an amount to be proven at
trial, including but not limited to psychological trauma, anxiety, stress, invasion of
privacy, alienation of children and colleagues, or otherwise.

76.  Defendant Heather Kiriakou's unconstitutional conduct in violation of 42 U.S.C.
1983 was motivated by spite, ill-will, hatred, and vengeance and was intentional,
reckless, or callously indifferent to Plaintiff's Fourth Amendment rights entitling Plaintiff
to punitive damages in an amount to be determined at trial.

## COUNT V-VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983

77. Plaintiff realleges paragraphs 1-76 anew.

58.  Defendant Heather Kiriakou violated 42 U.S.C. 1983 in depriving Plaintiff of his
clearly established constitutional right against unreasonable searches and seizures under
color of state law contrary to the Fourth Amendment of which a reasonable person would
have known by willful or joint participation in Defendant Bamford's search of Plaintiff's
vehicles on or about October 15, 2019, pursuant to a facially and flagrantly
unconstitutional warrant which she knew or should have known did not show probable
cause to believe Plaintiff's vehicles contained evidence of a violation of Virginia Code

Case 20-10994-KHK Doc 48-1 Filed 06/24/20 Entered 06/24/20 14:56:33 Desc
Case 1:20-cv-00662-CMH-JFA Document 1 Filed 06/12/20 Page 19 of 31 PageID# 19
Exhibit(s) A    Page 19 of 31

18.2-386 as mandated by the Fourth Amendment. Indeed, the warrant Affidavit provided no foundation whatsoever to believe Plaintiff's vehicles contained evidence of a violation of Virginia Code 18.2-386.

79. Defendant Heather Kiriakou's unconstitutional conduct in violation of 42 U.S.C. 1983 proximately caused compensatory damages to Plaintiff in an amount to be proven at trial, including but not limited to psychological trauma, anxiety, stress, invasion of privacy, alienation of children and colleagues, or otherwise.

80. Defendant Heather Kiriakou's unconstitutional conduct in violation of 42 U.S.C. 1983 was motivated by spite, ill-will, hatred, and vengeance and was intentional, reckless, or callously indifferent to Plaintiff's Fourth Amendment rights entitling Plaintiff to punitive damages in an amount to be determined at trial.

## COUNT VI-VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983

81. Plaintiff realleges paragraphs 1-80 anew.

82. Defendant Heather Kiriakou violated 42 U.S.C. 1983 in depriving Plaintiff of his clearly established constitutional right against unreasonable searches and seizures under color of state law contrary to the Fourth Amendment of which a reasonable person would have known by willful or joint participation in Defendant Bamford's search of Plaintiff's person on or about October 15, 2019, pursuant to a facially and flagrantly unconstitutional warrant which she knew or should have known did not show probable cause to believe Plaintiff possessed evidence of a violation of Virginia Code 18.2-386 as mandated by the Fourth Amendment. Indeed, the warrant Affidavit provided no

Case 20-10994-KHK Doc 48-1 Filed 06/24/20 Entered 06/24/20 14:56:33 Desc
Case 1:20-cv-00662-CMH-JFA Document 1 Filed 06/12/20 Page 20 of 31 PageID# 20
Exhibit(s) A Page 20 of 31

foundation whatsoever to believe Plaintiff's vehicles contained evidence of a violation of
Virginia Code 18.2-386.

83. Defendant Heather Kiriakou's unconstitutional conduct in violation of 42 U.S.C.
1983 proximately caused compensatory damages to Plaintiff in an amount to be proven at
trial, including but not limited to psychological trauma, anxiety, stress, invasion of
privacy, alienation of children and colleagues, or otherwise.

84. Defendant Heather Kiriakou's unconstitutional conduct in violation of 42 U.S.C.
1983 was motivated by spite, ill-will, hatred, and vengeance and was intentional,
reckless, or callously indifferent to Plaintiff's Fourth Amendment rights entitling Plaintiff
to punitive damages in an amount to be determined at trial.

### COUNT VII-VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983

85. Plaintiff realleges paragraphs 1-84 anew.

86. Defendant Northrop Grumman violated 42 U.S.C. 1983 in depriving Plaintiff of his
clearly established constitutional right against unreasonable searches and seizures under
color of state law contrary to the Fourth Amendment of which a reasonable person would
have known by willful or joint participation in Defendant Bamford's search of Plaintiff's
person on or about October 15, 2019, pursuant to a facially and flagrantly
unconstitutional warrant which Northrop Grumman knew or should have known did not
show probable cause to believe Plaintiff possessed evidence of a violation of Virginia
Code 18.2-386 as mandated by the Fourth Amendment. Indeed, the warrant Affidavit
provided no foundation whatsoever to believe Plaintiff possessed evidence of a violation
of Virginia Code 18.2-386.

Case 20-10994-KHK Doc 48-1 Filed 06/24/20 Entered 06/24/20 14:56:33 Desc
Case 1:20-cv-00662-CMH-JFA Document 9 Filed 06/12/20 Page 21 of 31 PageID# 21
Exhibit(s) A   Page 21 of 31

87.  Defendant Northrop Grumman's unconstitutional conduct in violation of 42 U.S.C. 1983 proximately caused compensatory damages to Plaintiff in an amount to be proven at trial, including but not limited to psychological trauma, anxiety, stress, invasion of privacy, alienation of children and colleagues, or otherwise.

88.  Defendant Northrop Grumman's unconstitutional conduct in violation of 42 U.S.C. 1983 was motivated by spite, ill-will, hatred, and vengeance and was intentional, reckless, or callously indifferent to Plaintiff's Fourth Amendment rights entitling Plaintiff to punitive damages in an amount to be determined at trial.

## COUNT VIII-VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983

89. Plaintiff realleges paragraphs 1-88 anew.

90.  Defendant Northrop Grumman violated 42 U.S.C. 1983 in depriving Plaintiff of his clearly established constitutional right against unreasonable searches and seizures under color of state law contrary to the Fourth Amendment of which a reasonable person would have known by willful or joint participation in Defendant Bamford's search of Plaintiff's home on or about October 15, 2019, pursuant to a facially and flagrantly unconstitutional warrant which Northrop Grumman knew or should have known did not show probable cause to believe Plaintiff possessed evidence of a violation of Virginia Code 18.2-386 as mandated by the Fourth Amendment.  Indeed, the warrant Affidavit provided no foundation whatsoever to believe Plaintiff home contained evidence of a violation of Virginia Code 18.2-386.

Case 20-10994-KHK Doc 48-1 Filed 06/24/20 Entered 06/24/20 14:56:33 Desc
Case 1:20-cv-00662-CMH-JFA Document 9 Filed 05/12/20 Page 22 of 31 PageID# 22
Exhibit(s) A Page 22 of 31

91. Defendant Northrop Grumman's unconstitutional conduct in violation of 42 U.S.C. 1983 proximately caused compensatory damages to Plaintiff in an amount to be proven at trial, including but not limited to psychological trauma, anxiety, stress, invasion of privacy, alienation of children and colleagues, or otherwise.

92. Defendant Northrop Grumman's unconstitutional conduct in violation of 42 U.S.C. 1983 was motivated by spite, ill-will, hatred, and vengeance and was intentional, reckless, or callously indifferent to Plaintiff's Fourth Amendment rights entitling Plaintiff to punitive damages in an amount to be determined at trial.

## COUNT IX-VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983

93. Plaintiff realleges paragraphs 1-92 anew.

94. Defendant Northrop Grumman violated 42 U.S.C. 1983 in depriving Plaintiff of his clearly established constitutional right against unreasonable searches and seizures under color of state law contrary to the Fourth Amendment of which a reasonable person would have known by willful or joint participation in Defendant Bamford's search of Plaintiff's vehicles on or about October 15, 2019, pursuant to a facially and flagrantly unconstitutional warrant which Northrop Grumman knew or should have known did not show probable cause to believe Plaintiff's vehicles contained evidence of a violation of Virginia Code 18.2-386 as mandated by the Fourth Amendment. Indeed, the warrant Affidavit provided no foundation whatsoever to believe Plaintiff's vehicles contained evidence of a violation of Virginia Code 18.2-386.

Case 20-10994-KHK  Doc 48-1  Filed 06/24/20  Entered 06/24/20 14:56:33  Desc
Case 1:20-cv-00662-CMH-JFA  Document 9  Filed 05/12/20  Page 23 of 31  PageID# 23
Exhibit(s) A    Page 23 of 31

95.  Defendant Northrop Grumman's unconstitutional conduct in violation of 42 U.S.C. 1983 proximately caused compensatory damages to Plaintiff in an amount to be proven at trial, including but not limited to psychological trauma, anxiety, stress, invasion of privacy, alienation of children and colleagues, or otherwise.

96.  Defendant Northrop Grumman's unconstitutional conduct in violation of 42 U.S.C. 1983 was motivated by spite, ill-will, hatred, and vengeance and was intentional, reckless, or callously indifferent to Plaintiff's Fourth Amendment rights entitling Plaintiff to punitive damages in an amount to be determined at trial.

## COUNT X-MALICIOUS PROSECUTION

97.  Plaintiff realleges paragraphs 1-96 anew.

98.  Plaintiff's prosecution for alleged "revenge porn" on two counts in violation of Virginia Code 18.2-386.2 was malicious.

99.  Plaintiff's malicious prosecution was instituted by and with the cooperation of Defendant John Bamford.

100.  There was neither probable cause nor a scintilla of evidence to justify the prosecution.

101.  The prosecution was dismissed.

102.  Plaintiff's prosecution was willful and wanton in complete disregard of Plaintiff's rights or with reckless indifference of the consequences to Plaintiff of which Defendant John Bamford was aware.

Case 20-10994-KHK Doc 48-1 Filed 06/24/20 Entered 06/24/20 14:56:33 Desc
Case 1:20-cv-00662-CMH-JFA Document 1 Filed 06/12/20 Page 24 of 31 PageID# 24
Exhibit(s) A    Page 24 of 31

103. Plaintiff's malicious prosecution by Defendant Bamford proximately caused damages to Plaintiff, including, among other things, psychological trauma, anxiety, stress, invasion of privacy, alienation or separation from his three children and colleagues, or otherwise.

## COUNT XI-MALICIOUS PROSECUTION

104. Plaintiff realleges paragraphs 1-103 anew.

105. Plaintiff's prosecution for alleged "revenge porn" on two counts in violation of Virginia Code 18.2-386.2 was malicious.

106. Plaintiff's malicious prosecution was instituted by and with the cooperation of Defendant Heather Kiriakou.

107. There was neither probable cause nor a scintilla of evidence to justify the prosecution.

108. The prosecution was dismissed.

109. Plaintiff's prosecution was willful and wanton in complete disregard of Plaintiff's rights or with reckless indifference of the consequences to Plaintiff of which Defendant Heather Kiriakou was aware.

110. Plaintiff's malicious prosecution by Heather Kiriakou proximately caused damages to Plaintiff, including, among other things, psychological trauma, anxiety, stress, invasion of privacy, alienation or separation from his three children and professional colleagues, or otherwise.

## COUNT XII-MALICIOUS PROSECUTION

Case 20-10994-KHK  Doc 48-1  Filed 06/24/20  Entered 06/24/20 14:56:33  Desc
Case 1:20-cv-00662-CMH-JFA  Document 9-4 Filed 06/12/20  Page 25 of 31  PageID# 25
Exhibit(s) A    Page 25 of 31

111.  Plaintiff realleges paragraphs 1-110 anew.

112. Plaintiff's prosecution for alleged "revenge porn" on two counts in violation of
Virginia Code 18.2-386.2 was malicious.

113. Plaintiff's malicious prosecution was instituted by and with the cooperation of
Defendant Northrop Grumman.

114. There was neither probable cause nor a scintilla of evidence to justify the
prosecution.

115.  The prosecution was dismissed.

116.. Plaintiff's prosecution was willful and wanton in complete disregard of Plaintiff's
rights or with reckless indifference of the consequences to Plaintiff of which Defendant
Northrop Grumman was aware.

117.  Plaintiff's malicious prosecution by Northrop Grumman proximately caused
damages to Plaintiff, including, among other things, psychological trauma, anxiety,
stress, invasion of privacy, alienation or separation from his three children and
colleagues, or otherwise in an amount to be determined at trial.

## COUNT XIII-DEFAMATION

118.  Plaintiff realleges paragraphs 1-117 anew.

119. On or about July 2019, Defendant Heather Kiriakou falsely accused Plaintiff of a
crime of moral turpitude to Defendant John Bamford:  namely, "revenge porn" in
violation of Virginia Code 18.2-386.2.

Case 20-10994-KHK Doc 48-1 Filed 06/24/20 Entered 06/24/20 14:56:33 Desc
Case 1:20-cv-00662-CMH-JFA Document 9 Filed 05/12/20 Page 26 of 31 PageID# 26
Exhibit(s) A    Page 26 of 31

120. Defendant Heather Kiriakou's false accusation against Plaintiff of a crime of moral turpitude was made with knowledge of its falsity, with reckless disregard of whether it was true or not, and with willful and wanton conscious disregard of Plaintiff's rights or reckless indifference of the consequences to Plaintiff of which Defendant Heather Kiriakou was aware.

121. Defendant Heather Kiriakou's defamation of Plaintiff proximately caused damages to Plaintiff, including, among other things, psychological trauma, anxiety, stress, invasion of privacy, alienation or separation from his three children and colleagues, or otherwise in an amount to be determined at trial.

## COUNT XIV-DEFAMATION

122. Plaintiff realleges paragraphs 1-121 anew.

123. On or about July 2019, Defendant Northrop Grumman falsely accused Plaintiff of a crime of moral turpitude to Defendant John Bamford: namely, "revenge porn" in violation of Virginia Code 18.2-386.2.

124. Defendant Northrop Grumman's false accusation of Plaintiff of a crime of moral turpitude was made with knowledge of its falsity, with reckless disregard of whether it was true or not, and with willful and wanton conscious disregard of Plaintiff's rights or reckless indifference of the consequences to Plaintiff of which Defendant Northrop Grumman was aware.

125. Defendant Northrop Grumman's defamation of Plaintiff proximately caused damages to Plaintiff, including, among other things, psychological trauma, anxiety,

Case 20-10934-KHK Doc 48-1 Filed 06/24/20 Entered 06/24/20 14:56:33 Desc
Case 1:20-cv-00662-CMH-JFA Document 9 Filed 06/12/20 Page 27 of 31 PageID# 27
Exhibit(s) A    Page 27 of 31

stress, invasion of privacy, alienation or separation from his three children and colleagues, or otherwise in an amount to be determined at trial.

## COUNT XV-DEFAMATION

126.  Plaintiff realleges paragraphs 1-125 anew.

127. On or about October 19, 2019, Defendant Heather Kiriakou falsely accused Plaintiff of a crime of moral turpitude to Defendant John Bamford:  namely, criminal solicitation in violation of Virginia Code 18.2-29.

128. Two days before, on or about October 17, 2020, Defendant Heather Kiriakou told Plaintiff's three children that Plaintiff would be spending the remainder of his life in prison, which terrified them.

129.  Defendant Heather Kiriakou's false accusation that Plaintiff had committed  a crime of moral turpitude was made with knowledge of its falsity, with reckless disregard of whether it was true or not, and with willful and wanton conscious disregard of Plaintiff's rights or reckless indifference of the consequences to Plaintiff of which Defendant Heather Kiriakou was aware.

130.  Defendant Heather Kiriakou's defamation of Plaintiff proximately caused damages to Plaintiff, including, among other things, psychological trauma, anxiety, stress, invasion of privacy, alienation or separation from his three children and colleagues, or otherwise in an amount to be determined at trial.

## COUNT XVI-DEFAMATION

131.  Plaintiff realleges paragraphs 1-130 anew.

Case 20-10934-KHK Doc 48-1 Filed 06/24/20 Entered 06/24/20 14:56:33 Desc
Case 1:20-cv-00662-CMH-JFA Document 1-4 Filed 06/12/20 Page 28 of 31 PageID# 28
Exhibit(s) A    Page 28 of 31

132.  On or about October 11, 2019, Defendant Heather Kiriakou knowingly, intentionally, recklessly and with malice aforethought accused Plaintiff to Defendant John Bamford of grand larceny of two laptop computers in violation of Virginia Code 18.2-95, a crime of moral turpitude.

133.  Defendant Heather Kiriakou's false accusation that Plaintiff had committed  a crime of moral turpitude, i.e., grand larceny, was made with knowledge of its falsity, with reckless disregard of whether it was true or not, and with willful and wanton conscious disregard of Plaintiff's rights or reckless indifference of the consequences to Plaintiff of which Defendant Heather Kiriakou was aware.

134.  Defendant Heather Kiriakou's defamation of Plaintiff proximately caused damages to Plaintiff, including, among other things, psychological trauma, anxiety, stress, invasion of privacy, alienation or separation from his three children and colleagues, or otherwise in an amount to be determined at trial.

## COUNT XVII-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

135.  Plaintiff alleges paragraphs 1-134 anew.

136.  On or about July 2019, Defendant Heather Kiriakou knowingly, intentionally, maliciously, and falsely accused Plaintiff of a crime of moral turpitude, i.e., "revenge porn" in violation of Virginia Code 18.2-386.2, and later participated in the failed malicious prosecution of the same.

137. Defendant Heather Kiriakou's conduct was outrageous or intolerable.

Case 20-10934-KHK Doc 48-1 Filed 06/24/20 Entered 06/24/20 14:56:33 Desc
Case 1:20-cv-00662-CMH-JFA Document 9 Filed 06/12/20 Page 29 of 31 PageID# 29
Exhibit(s) A    Page 29 of 31

138. Defendant Heather Kiriakou's conduct proximately cause severe emotional distress to Plaintiff, including, among other things, psychological trauma, acute depression, humiliation, anxiety, stress, invasion of privacy, alienation or separation from his three children and colleagues, or otherwise.

139. Defendant Heather Kiriakou's conduct was willful and wanton in conscious disregard of Plaintiff's rights or with reckless indifference of consequences to Plaintiff of which Defendant Heather Kiriakou was aware.

140. Defendant Heather Kiriakou's conduct proximately caused damages to Plaintiff, including, among other things, psychological trauma, acute depression, humiliation, anxiety, stress, invasion of privacy, alienation or separation from his three children and colleagues, or otherwise, in an amount to be determined at trial.

## COUNT XVIII-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

141. Plaintiff realleges paragraphs 1-141 anew.

142. On or about October 19, 2019, Defendant Heather Kiriakou knowingly, intentionally, maliciously, and falsely accused Plaintiff of a crime of moral turpitude, i.e., criminal solicitation in violation of Virginia Code 18.2-29, to Defendant John Bamford.

143. Two days before, on or about October 17, 2020, Defendant Heather Kiriakou told Plaintiff's three children that Plaintiff would be spending the remainder of his life in prison, which terrified them.

144. Defendant Heather Kiriakou's conduct was outrageous or intolerable.

Case 20-10994-K1K Doc 48-1 Filed 06/24/20 Entered 06/24/20 14:56:33 Desc
Case 1:20-cv-50662-CMH-JFA Document 1 Filed 05/12/20 Page 30 of 31 PageID# 30
Exhibit(s) A    Page 30 of 31

145.  Defendant Heather Kiriakou's conduct proximately caused severe emotional distress to Plaintiff, including, among other things, psychological trauma, acute depression, humiliation, anxiety, stress, invasion of privacy, alienation or separation from his three children and colleagues, or otherwise.

122.  Defendant Heather Kiriakou's conduct was willful and wanton in conscious disregard of Plaintiff's rights or with reckless indifference of consequences to Plaintiff of which Defendant Heather Kiriakou was aware.

123.  Defendant Heather Kiriakou's conduct proximately caused damages to Plaintiff, including, among other things, psychological trauma, acute depression, humiliation, anxiety, stress, invasion of privacy, alienation or separation from his three children and colleagues, or otherwise, in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff John Kiriakou demands judgment against Defendants John Bamford, Heather Kiriakou, and NGC, jointly and severally, as follows:

(a) For compensatory damages on all counts in an amount to be determined at trial;

(b) For punitive damages on all counts in an amount to be determined at trial;

(c) For attorney's fees under the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. 1988 or otherwise;

(d) For costs and fees incurred by Plaintiff in this action; and,

(e) For such other relief as this Court deems just and proper.

Case 20-10994-KHK Doc 48-1 Filed 06/24/20 Entered 06/24/20 14:56:33 Desc
Case 1:20-cv-00662-CMH-TCB Document 1 Filed 06/12/20 Page 31 of 31 PageID# 31
Exhibit(s) A   Page 31 of 31

## JURY DEMAND

Plaintiff John Kiriakou demands a trial by jury of all issues so triable in this case pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted this 12th day of June 2020.

_____/s/_____

Travis D. Tull / VSB 47486
TATE BYWATER, PLC
2740 Chain Bridge Road
Vienna, VA 22181
Phone:  703-938-5100
Email:  ttull@tatebywater.com
*Counsel for Plaintiff*

Bruce Fein
Bruce DelValle
FEIN & DELVALLE, PLLC
300 New Jersey Avenue, N.W., Suite 900
Washington, D.C. 20001
Phone:  202-465-8728
Email: bruce@feinpoints.com
*Of Counsel for Plaintiff – PRO HAC VICE*