IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

JOHN KIRIAKOU,

Debtor.

Case No. 20-10934-KHK

Chapter 7

**UNITED STATES TRUSTEE'S MOTION TO EXTEND TIME
TO FILE A COMPLAINT OBJECTING TO DISCHARGE OF THE DEBTOR**

Comes Now, John P. Fitzgerald, III, Acting United States Trustee for Region Four, and, pursuant to Bankruptcy Rules 4004(b), hereby requests an extension of time to file a complaint objecting to the discharge of the debtor pursuant to 11 U.S.C. § 727. In support of his motion the Acting United States Trustee states the following:

1. The Debtor commenced this proceeding by filing a petition for relief under Chapter 7 of the Bankruptcy Code on March 27, 2020 (Doc. No. 1).

2. On April 15, 2020, the Debtor filed his Individual Schedule(s) and/or Statement(s), Lists (Doc. No. 20). The Debtor signed each of the documents under penalty of perjury. *Id.* at pp. 22, 29 of 50.

3. Donald F. King (the "Trustee") was appointed the interim chapter 7 trustee and a 341(a) Meeting of creditors was scheduled for and held on April 23, 2020 (Doc. No. 4). Pursuant to Bankruptcy Rule 4004(a), the last day for filing a complaint objecting to the discharge of the Debtor was June 22, 2020 (Doc. No. 4)*.*

4. On April 24, 2020, the Trustee issued his Report of No Distribution (Doc. No. 24).

Office of United States Trustee
Kristen S. Eustis, Trial Attorney
1725 Duke Street, Suite 650
Alexandria, VA 22314
(703) 557-7227
kristen.s.eustis@usdoj.gov

5. Thereafter, on May 11, 2020, the Debtor filed Amended Schedules which disclosed additional, previously undisclosed assets (Doc. No. 26). These assets included an "Andy Warhol lithograph painting" valued at $5,000 and a "claim against Heather Kirakou for attorney fees incurred during custody and protective order proceedings" valued at "unknown.

6. On June 12, 2020, the Debtor further amended his schedules to include additional claims and causes of actions against certain defendants in the proceeding Kiriakou v. Bamford et al. 1:20-cv-00662 (EDVA). These claims are valued at "unknown". Doc. No. 37. The Debtor also disclosed that Norman A. Thomas, PLLC is holding $21,000 in an attorney trust account. *Id.*

7. On July 9, 2020, the Debtor further amended his schedules to include three additional lithograph paintings with a total combined value of $4,600, a "strip of wallpaper from Abraham Lincoln's death room" valued at $1,600, and other collectables. Doc. No. 54.

8. On June 11, 2020 the Debtor filed a Motion to Convert the Case to Chapter 13 (Doc. No. 36), which motion was opposed by Heather Kiriakou (Doc. No. 48). A hearing was held to consider the motion to convert and opposition on July 14, 2020, whereat the Court denied the motion to convert the case to Chapter 13 finding bad faith on the part of the Debtor. An Order memorializing the ruling was entered on July 15, 2020 (Doc. No. 59).

9. The Debtor thereafter filed a motion to dismiss the case on July 20, 2020 (Doc. No. 69).

10. On July 22, 2020 the Trustee withdrew his report of no distribution (Doc. No. 71) and opposed the Debtor's Motion to Dismiss based upon the assets disclosed on the Debtor's Amended Schedules that could potentially be liquidated for the benefit of the Debtor's creditor. Doc. No. 79. A hearing was held on August 25, 2020 to consider the Debtor's Motion to Dismiss and the Court took the matter under advisement.

11. Bankruptcy Rule 4004(b) provides that the time period for filing a complaint objecting to a debtor's discharge can be extended for cause upon the motion of any party in interest.

12. Bankruptcy Rule 4004(b)(2) further provides that the motion to extend time may be filed after the time for objection has expired and before a discharge is granted if:

(A) The objection is based on facts that, if learned after the discharge, would provide a basis for revocation under 727(d) of the Code, and

(B) The movant did not have knowledge of those facts in time to permit an objection.

13. Section 727(d) of the Code provides:

(d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;
(2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee;
(3) the debtor committed an act specified in subsection (a)(6) of this section; or
(4) the debtor has failed to explain satisfactorily—
    (A) a material misstatement in an audit referred to in section 586(f) of title 28; or
    (B) a failure to make available for inspection all necessary accounts, papers, documents, financial records, files, and all other papers, things, or property belonging to the debtor that are requested for an audit referred to in section 586(f) of title 28.

14. As set forth above, the United States Trustee has received information regarding the veracity of the schedules and statements filed by the Debtor which warrants further investigation and review. Specifically, since filing his original schedules and statement of financial affairs on April 15, 2020, the Debtor has amended his schedules three additional times to disclose additional and valuable assets. Three of those amendments occurred after the 341

meeting of creditors was held in this case and after the Chapter 7 Trustee had filed his report of no distribution. The last of the three amendments, which disclosed a number of previously undisclosed pieces of artwork and collectables, was filed after the deadline to object to the Debtor's discharge had passed. Accordingly, the Trustee and the United States Trustee did not have knowledge of these facts in time to permit a timely objection to the Debtor's discharge and these facts would provide a basis for revocation under section 727(d).

15.  The United States Trustee requests additional time so that he can complete his investigation of the circumstances in this case, and conduct a 2004 examination of the Debtor, which will enable him to determine whether filing a complaint objecting to the discharge of the Debtor is warranted in this case.

16.  Extensions of time for objecting to discharge should be granted liberally absent a clear showing of bad faith on the part of the party requesting the extension. *In re Kellogg*, 41 B.R. 836, 838 (Bankr. W.D. OK 1984).

17.  In addition, the granting of the requested extension will not prejudice the debtor in any way and will not impede the efficient administration of the case. *In re Knobel*, 54 B.R. 458, 461 (Bankr. D. Col. 1985)(extension of time to object to debtor's discharge granted where extension requested by creditor was not made in bad faith, the delay as a result of the extension is insubstantial and would not adversely affect the administration of the case, and the extension would not result in any prejudice to the debtor).

18.  The United States Trustee requests an extension of 120 days from the date of entry of any order granting this Motion, for the United States Trustee to file a complaint objecting to the discharge of the Debtor pursuant to 11 U.S.C. § 727.

WHEREFORE, THE UNITED STATES TRUSTEE MOVES THE COURT TO:

1. Extend the time for filing a complaint objecting to the discharge of the Debtor to *a date that is 120 days after the date of entry of any order granting this Motion*;

2. Grant such further relief as the Court may deem just and fair.

| | |
|---|---|
| August 28, 2020 | JOHN P. FITZGERALD, III<br>ACTING U.S. TRUSTEE, REGION 4 |

By: */s/ Kristen S. Eustis*
Kristen S. Eustis
VA Bar No. 89729
Trial Attorney
Office of United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
(703) 557-7227
kristen.s.eustis_@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on August 28, 2020, I electronically filed the foregoing motion to extend time with the Clerk of the Court and transmitted a true and correct copy of said documents electronically through the electronic case filing system or by first class United States mail, postage prepaid to the following:

John Kiriakou
1904 N. Daniel St.
Arlington, VA 22201
*Debtor*

Ashvin Pandurangi
Vivona Pandurangi, PLC
211 Park Ave.
Falls Church, VA 22046
Email: notices@vpbklaw.com
*Counsel for Debtor*

Bradley D. Jones
Odin, Feldman & Pittleman, P.C.
1775 Wiehle Avenue, Suite 400
Reston, VA 20190
Email: Brad.Jones@ofplaw.com
*Counsel to Chapter 7 Trustee*

Donald F. King
1775 Wiehle Avenue, Suite 400
Reston, VA 20190
Email: Kingtrustee@ofplaw.com
*Chapter 7 Trustee*

                                        /s/ Paula Blades
                                        Paula Blades
                                        Paralegal Specialist