# UNITED STATES BANKRUPTCY COURT FOR THE
# EASTERN DISTICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| John Kiriakou, ) | Case No. 20-10934-KHK |
| ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| _____) | |

## ORDER DENYING DEBTOR'S
## MOTION TO DISMISS

This matter comes before the Court on the Debtor's Motion to Dismiss this bankruptcy case. Docket No. 69. The Chapter 7 Trustee, Donald F. King, (the "Trustee") opposes the Motion. Docket No. 79. Although the U.S. Trustee ("UST") previously filed a Statement of Presumed Abuse (Docket No. 68), the UST advised the Court at the hearing that it supported the Trustee's position, and opposed dismissal of the case. The primary creditor in the case, Heather Kiriakou ("Ms. Kiriakou"), the Debtor's ex-spouse, supports dismissal but seeks a dismissal with prejudice. Docket No. 78.

For the reasons stated below, the Court will deny the Debtor's Motion to Dismiss.

## Findings of Fact

The Court makes the following findings of fact.

A. *The Debtor's Divorce Case.*

1.  The Debtor, John Kiriakou, is an individual residing in Arlington, Virginia.

2.  The Debtor and Ms. Kiriakou were divorced in November 2018. They have three children.

3. After the divorce, Ms. Kiriakou sought and obtained a Protective Order from the Arlington County Juvenile and Domestic Relations Court. The Debtor appealed the Protective Order to the Circuit Court. The Circuit Court affirmed the Protective Order and awarded Ms. Kiriakou $6,525.00 in legal fees.

4. In July 2019, Ms. Kiriakou filed a motion with the Circuit Court to modify the legal and physical custody of the children. After an evidentiary hearing, the Circuit Court granted full legal and physical custody to Ms. Kiriakou and ordered the Debtor to pay $130,425.35 in legal fees and expenses. The Debtor has appealed this Order to the Virginia Court of Appeals.

B. *The Debtor Files for Bankruptcy.*

5. The Debtor filed a Voluntary Petition under Chapter 7 with this Court on March 27, 2020. Docket No. 1.

6. In his initial Means Test form, he claimed a household size of three. Docket No. 21, p. 38.

7. In his Schedules, the Debtor listed $3,000.00 in household furnishings, and no antiques or other collectibles. *Id.*, p. 4.

8. He also did not list any claims against third parties. *Id.*, p. 6.

9. For vehicles owned, the Debtor listed a 2014 Mercedes Benz C300. *Id.*, p. 3.

10. The Debtor did not list any funds held by third parties for his benefit. *Id.*, p. 6.

11. The Trustee filed a Report of No Distribution, indicating that there were no assets available for distribution to the creditors. Docket No. 24.

12. On May 11, 2020, the Debtor filed Amended Schedules. Docket No. 26. In his Amended Schedules, he listed a 2016 Vespa LXV, with a value of $2,000.00, in addition to the Mercedes Benz. *Id.*, p. 2.

13. For antiques and collectibles, he listed a single Andy Warhol lithograph painting with a value of $5,000.00. *Id.*, p. 3.

14. He again stated that he possessed no claims against third parties other than a claim against his ex-wife for attorney's fees arising out of the divorce and custody proceedings. *Id.*, pp. 5, 6.

15. The Debtor did not list any funds held by third parties for his benefit. *Id.*, p. 6.

16. The Debtor again claimed a household size of three in his Means Test. *Id.*, p. 23; Docket No. 27, p. 6.

17. On May 25, 2020, Ms. Kiriakou moved for relief from the automatic stay to pursue her claims in State court, which she asserted were non-dischargeable domestic support obligations. Docket No. 30. The Court granted this Motion on July 15, 2020. Docket No. 62.

C. *The Debtor Moves to Convert his Case to Chapter 13.*

18. On June 11, 2020, the Debtor moved to convert his case to Chapter 13. Docket No. 36.

19. The next day, on June 12th, the Debtor filed a second set of Amended Schedules. Docket No. 37. The Debtor again disclosed that he possessed a single Andy Warhol lithograph painting with a value of $5,000.00. *Id.*, p. 3.

20. The Debtor also disclosed for the first time that he had filed a lawsuit against his former spouse, and against Northrup Grumman (her former employer) and an Arlington County detective, in the U.S. District Court for the Eastern District for alleged civil rights violations and other civil causes of action. *Id.*, p. 5 (*John Kiriakou v. Bamford, et al.*, Civil No. 1:20-cv-00662, EDVA).[1]

---

[1] The lawsuit was filed post-petition on June 12, 2020. The events giving rise to the lawsuit (the Debtor's arrest in Arlington County), however, took place pre-petition, in the July - August 2019 time frame, and later in October

3

21. He also disclosed for the first time that an attorney, Norman A. Thomas, was holding $21,000.00 in his trust account. *Id.,* p. 6.

22. On July 8, 2020, the Debtor filed another Amended Means Test. Docket No. 52. This time, he used a household size of one. *Id.*, p. 6.

23. On July 9, 2020, the Debtor filed another set of Amended Schedules. This time, in addition to his previous disclosures, he stated that he owned:

- two additional Andy Warhol lithograph paintings;
- a Fernando Botero lithograph painting;
- a strip of wallpaper purportedly from the room where Abraham Lincoln died;
- a postcard collection;
- a Bernard Villemot lithograph;
- an Edward Curtis print; and
- his grandfather's coin collection.

*Id.*, p. 3.

24. Ms. Kiriakou filed an Opposition to the Debtor's Motion to Convert, arguing that the Debtor was acting in bad faith, relying on the Supreme Court's decision in *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365 (2007).

25. Judge Kindred held a hearing on the Debtor's Motion to Dismiss on July 14, 2020. She denied the Debtor's Motion, holding that the inaccuracies in the Debtor's Schedules were made knowingly, and that the Debtor was guilty of bad faith under the *Marrama* standard. Docket Nos. 57 (Hearing held), 59 (Order Denying Motion), Hr. Tr. 19:22-20:18, July 14, 2020, Docket No. 65.

  D. *The Debtor Moves to Dismiss His Case.*

---

2019. *See* Complaint, Civil No. 1:20-cv-00662, ¶¶ 8, 19, 48-50. On August 31, 2020, the District Court entered an Order dismissing the action without prejudice for lack of standing. *Id.*, Docket No. 35 ("Since Plaintiff's causes of action accrued prior to filing for bankruptcy, the causes of action belong to the bankruptcy estate.") (Citation omitted.)

26. On July 18, 2020, the UST filed a Notice of Presumed Abuse under section 707(b) of the Bankruptcy Code. Docket No. 68.

27. Two days later, on July 20th, the Debtor filed a Motion to Dismiss his bankruptcy case. Docket No. 69.[2]

28. The Trustee withdrew his previous Report of No Distribution. Docket No. 71.

29. The Trustee also filed an Opposition to the Debtor's Motion to Dismiss. Docket No. 79. The Trustee argued that he needed time to determine whether the previously undisclosed assets were capable of being liquidated for the benefit of the creditors. The Trustee disclosed that he and the Debtor's counsel had discussed a possible buy-back of the assets by the Debtor, but that these discussions were preliminary in nature.[3]

30. At the hearing on the Debtor's Motion, the UST's attorney stated that, despite the presumption of abuse, he supported the Trustee's position and opposed the dismissal of the case.

31. Ms. Kiriakou, through her counsel, argued that the case should be dismissed with prejudice for a defined period of time.

## Conclusions of Law

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference entered by the U.S. District Court for this District on August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the bankruptcy estate).

---

[2] The Debtor does not concede that he failed the means test. In a recent filing in opposition to a Motion for Sanctions filed by Ms. Kiriakou, he stated: "Ironically, if the fee awards were to be considered court-ordered domestic support obligations, the debtor could deduct those from the means test and would likely be eligible for Chapter 7." Debtor's Response to Motion for Rule 9011 Sanctions, Docket No. 76, p. 7.

[3] The Debtor argues that the Trustee's Opposition should not be considered because it was filed late. The Court finds that the late filing was excusable because the Trustee was engaged in the buy-back discussions with Debtor's counsel at the time. Further, the Court finds that there is no prejudice to the Debtor in allowing the late filing.

Debtors in Chapter 13 have a right to dismiss their bankruptcy cases. 11 U.S.C. § 1307(b) ("On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court *shall* dismiss a case under this chapter.") (emphasis added). By contrast, debtors in Chapter 7 do not have a right to dismiss their cases. Rather, the Court "*may* dismiss" the case upon a showing of cause. 11 U.S.C. § 707(a) (emphasis added). In deciding whether or not to dismiss a Chapter 7 case the Court generally must consider the potential prejudice to the creditors. *In re Wood*, 2017 WL 1475973 (Bankr. S.C. 2017); *In re Segal,* 527 B.R. 85 (Bankr. E.D.N.Y. 2015); *In re Thrower,* 2014 WL 1873399, at *3 (Bankr. W.D.N.C. May 8, 2014).

Section 707(b) of the Code provides for a Means Test. For debtors who are above their States' median incomes, a presumption of abuse arises when the debtor does not meet the Means Test. 11 U.S.C. § 707(b). Section 707(b)(1) further provides:

> After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, trustee (or bankruptcy administrator, if any), or any party in interest, *may dismiss* a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title, if it finds that the granting of relief would be an abuse of the provisions of this chapter. In making a determination whether to dismiss a case under this section, the court may not take into consideration whether a debtor has made, or continues to make, charitable contributions (that meet the definition of "charitable contribution" under section 548(d)(3)) to any qualified religious or charitable entity or organization (as that term is defined in section 548(d)(4)).

11 U.S.C. § 707(b)(1) (emphasis added).

The courts are divided on whether there is discretion to refuse to dismiss a case where the Debtor does not meet the means test. *Compare In re Siler,* 426 B.R. 167, 176 (Bankr.W.D.N.C.2010) ("To use the Means Test to deny Chapter 7 relief to an individual, who could not pay unsecured creditors in Chapter 13 and who, as a matter of clear congressional

6

election would not be required to do so, is absurd and contrary to the purpose of the Means Test"); *In re Mravik*, 399 B.R. 202 (Bankr. E.D. Wis. 2008) (refusing to dismiss a case where there would be no distribution to unsecured creditors in a conversion to Chapter 13); *In re Skvorecz,* 399 B.R. 202 (Bankr. D. Colo. 2007) (same); *In re Alther*, 537 B.R. 262, 270 (Bankr. W.D. Va. 2015) ("The Court holds that a dividend in chapter 13 is not a special circumstance or grounds to rebut the presumption of abuse under section 707(b)(2)"); *In re Maura*, 491 B.R. 493 (E.D. Mich. 2013) ("the bankruptcy court's hands are tied"); *In re Woodruff,* 416 B.R. 369 (Bankr. D. Mass. 2009); *Justice v. Advanced Control Solutions, Inc.,* 2008 WL 4368668 (W.D. Ark. 2008).

The Court views the cases holding that dismissal is not necessarily mandated to be the better-reasoned authorities because they are grounded in the plain language of the statute. The term "may" in section 707(b)(1) imparts some discretion to the Court in deciding whether or not to dismiss the case. It would be a surprising result, for example, if bankruptcy courts retained discretion to dismiss a case for egregiously bad faith conduct under subsection (a), *see Janvey v. Romero*, 883 F.3d 406 (4th Cir. 2018) ("Evaluating these factors [for a bad faith dismissal under section 707(a)] and their comparative relevance is a discretionary exercise that is best left to bankruptcy judges"), but at the same time bankruptcy courts are compelled to dismiss cases in all circumstances where debtors fail the means test (sometimes by only a minimal amount) under subsection (b), where both subsections use the same term ("may dismiss"). *See Bank of America, N.A. v. Caulkett*, 575 U.S. 790, 135 S. Ct. 1995, 2000-01 (2015) (Supreme Court is "generally reluctant to give the 'same words a different meaning' when construing statutes" (citing *Pasquantino v. United States*, 544 U.S. 349, 358 (2005)).[4]

---

[4] In a related context, where the debtors satisfied the requirements of the means test (11 U.S.C. § 707(b)(2)) but the bankruptcy court held that the case would be dismissed as abusive under the totality of the circumstances (11 U.S.C.

7

It is true, as a number of the cases point out, that section 707(b)(2)(B), the "special circumstances" provision of the means test, states that "the presumption of abuse may *only* be rebutted by demonstrating special circumstances." 11 U.S.C. § 707(b)(2)(B) (emphasis added). This language, however, does not override the use of the term "may" in section 707(b)(2)(A). The special circumstances exception tells us when a case may not be dismissed; it does not require the dismissal of a case. The Court agrees that "the discretion to deny a motion to dismiss for presumed abuse should not be exercised lightly." *Mravik*, 399 B.R., at 210. In most cases where the debtor does not meet the means test the case either will be dismissed or converted to Chapter 13 with the debtor's consent.[5]

In this case, the Court finds that the creditors would be prejudiced by a dismissal. There are assets here for the Trustee to investigate and possibly liquidate for the creditors, including various pieces of artwork, the purported Lincoln artifact and, most importantly, the causes of action that the Debtor asserts are worth millions of dollars. As noted above, the District Court dismissed these claims without prejudice, holding that they are assets of the bankruptcy estate. The Trustee now has standing to bring these claims, or to settle them or assign them with Court approval.

Conversely, the Court cannot discern any prejudice to the estate's largest creditor, Ms. Kiriakou, in allowing the case to go forward. She has been granted relief from the automatic stay to pursue collection of her domestic support claims from non-estate assets in State court, which were described in the Order as "non-dischargable claims." Docket No. 62. The Debtor's debts

---

§ 707(b)(3)), the Fourth Circuit held: "The means test is not conclusive, the presumption is rebuttable, and a court may still find abuse even if there is no presumption." *Calhoun v. U.S. Trustee*, 650 F.3d 338, 342 (4th Cir. 2011).
[5] There are no special circumstances in this case, which this Court has held requires that "the circumstances be of a more severe nature than ordinary job changes or income fluctuations." *In re Burdett*, 2013 WL 865575 (Bankr. E.D. Va. 2013).

to Mr. Kiriakou are either domestic support obligations, or are equitable distribution or property settlement debts, both of which are non-dischargeable in Chapter 7. 11 U.S.C. §§ 523(a)(5), (a)(15).

The Court finds that the creditors, including Ms. Kiriakou, would be prejudiced by a dismissal of this case. Therefore, the Court will deny the Debtor's Motion to Dismiss.

## Conclusion

It is therefore **ORDERED**:

1. The Debtor's Motion to Dismiss this case is denied.
2. The Clerk will mail copies of this Order, or will provide cm-ecf notice of its entry, to the parties below.

Date: Sep 24 2020
Alexandria, Virginia

/s/ Brian F Kenney
Brian F. Kenney
United States Bankruptcy Judge

Entered on Docket: September 25, 2020

Copies to:

Ashvin Pandurangi
Vivona Pandurangi, PLC
211 Park Ave.
Falls Church, VA 22046
*Counsel for the Debtor*

Bradley D. Jones
Odin, Feldman & Pittleman, P.C.
1775 Wiehle Avenue, Suite 400
Reston, VA 20190
*Counsel for the Chapter 7 Trustee*

Donald F. King
341 Dial 877-953-3011 Code: 1445548
1775 Wiehle Avenue, Suite 400
Reston, VA 20190
*Chapter 7 Trustee*

Office of the U.S. Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314

Andrea Campbell Davison, VSB# 78036
BEAN, KINNEY & KORMAN, P.C.
2311 Wilson Blvd., 5th Floor
Arlington, Virginia 22201
*Counsel for Heather Kiriakou*

10